Brian Lynn ELLIS, Petitioner,

v.

Joseph PICKLESIMER, Supt. of Piedmont Correctional Inst., Respondent.

No. 1:99CV00425.

United States District Court, M.D. North Carolina.

Dec. 21, 2000.

Brian Lynn Ellis, Salisbury, NC, Pro se.

Clarence Joe Delforge, III, N.C. Department of Justice, Raleigh, NC, for Respondent.

## MEMORANDUM OPINION AND ORDER

ELIASON, United States Magistrate Judge.

This case comes before the Court on respondent's motion for summary judgment. On February 24, 2000, this Court issued a Memorandum Opinion and Order (hereinafter February Order) granting respondent's motions as to all but one of petitioner's claims. Those claims were dealt with on their merits. In an attempt to decide petitioner's remaining claim on the merits as well, the February Order allowed the parties to submit affidavits concerning that claim.

After petitioner submitted his affidavit, the Court issued a second order on December 6, 2000 (hereinafter December Order). This Order allowed respondent further time to submit any affidavits to support his case. Following the December Order, the Court was informed that such affidavits had already been submitted, but that they had been overlooked due to their being attached to a motion to deny petitioner an extension of time to file his response to the February Order. Given that both parties have provided the Court with their submissions on the sole remaining issue, the Court will now address respondent's motion as to that claim.

### Discussion

Only a brief recitation of the facts and background of the case is necessary to decide this motion. A more complete statement of the facts is set out in the February 24, 2000 Order.

Petitioner was charged with driving while impaired and being a habitual felon. Some of the evidence introduced at trial on his behalf indicated that he was not the driver of the car on the night that he was arrested, but that his girlfriend was actually driving. Petitioner claimed in his petition that his attorney rendered ineffective assistance because he failed to argue to the jury that the State had not proved the three elements constituting the offense

and, in particular, that petitioner was not the driver of the car. Unfortunately, the arguments to the jury by petitioner's counsel were not recorded. This lack of evidence led to the Court's decision to allow the parties to submit affidavits on the matter. It was noted that this claim seemed highly unlikely. Thus, petitioner was required to set out what his attorney did argue, if he did not argue that petitioner was not the driver of the car.

As stated above, the parties have submitted affidavits. Petitioner submitted his own affidavit which states that his attorney argued that petitioner, in fact, passed the finger-to-nose sobriety test and that the officer lacked probable cause to arrest him, but failed to argue that petitioner's girlfriend, rather than petitioner, was driving on the night in question. Respondent has filed two opposing affidavits from petitioner's trial attorney and the prosecutor in petitioner's case. Petitioner's trial attorney states that he did argue that petitioner was not the driver and that this argument was, in fact, the central focus of his closing. The prosecutor states that his recollection agrees with that of petitioner's attorney.

Petitioner's affidavit is diametrically opposed to the affidavits submitted by respondent and the outcome of the case turns completely on the credibility of the affiants. In such a situation, an evidentiary hearing is often necessary in order to decide the issue of credibility. Before reaching the question of whether an evidentiary hearing must be conducted, the Court will first look to see if the case could be decided on an alternative basis.

Respondent does have one remaining argument with which he could possibly avoid an evidentiary hearing. Petitioner first raised his ineffective assistance claim as part of his second motion for appropriate relief to the Forsyth County Superior Court. That court summarily denied petitioner's motion with one of the reasons being that "[t]he grounds asserted for the present motion are the same as those raised in the previous motions or Defendant was in a position to adequately raise them and did not, and Defendant is now procedurally barred from raising them...." Respondent states that, because the claim was procedurally barred in the state courts, it should be procedurally barred from review in this Court as well.

■ Respondent is correct that if petitioner's claim has been held to be barred under independent and adequate state procedural rules, it is barred from habeas review unless the petitioner can show both cause for the default and prejudice from the alleged violation or prove that a fundamental miscarriage of justice will occur if his claim is not considered. *McCarver v. Lee*, 221 F.3d 583, 588 (2000), *petition for cert. denied* —— U.S. ——, 121 S.Ct. 809, 148 L.Ed.2d 694 (2000). The problem in the present case is that, according to North Carolina law, petitioner's ineffective assistance claim could not have been covered by the judge's statement denying petitioner's second motion for appropriate relief on procedural grounds.

■ Respondent argues that petitioner's claim is barred under N.C. Gen.Stat. § 15A–1419(1) which states that claims in a motion for appropriate relief may be denied if "[u]pon a previous motion made pursuant to this Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." If this were the entirety of the subdivision of the statute relied upon, respondent might well prevail. However, the next sentence of the subdivision states that the "subdivision does not apply when the previous motion was made within 10 days after entry of judgment or the previous motion was made during the

pendency of the direct appeal." This sentence is important, because, as respondent states in his brief in support of his motion for summary judgment, petitioner's first motion for appropriate relief was filed in the Forsyth County Superior Court on December 19, 1997.[1] The parties agree that the North Carolina Supreme Court did not deny review of petitioner's direct appeal until February 5, 1998. Therefore, it appears that petitioner's initial motion for appropriate relief was filed while his direct appeal was pending and would not bar claims raised in his second motion for appropriate relief. Because petitioner's claim is not procedurally barred, the question of whether to conduct a hearing must be decided.

■ When a court is faced with a decision of granting an evidentiary hearing, the matter is governed by Rule 8, Rules Governing Section 2254 Actions, as well as Fed.R.Civ.P. 56. *Maynard v. Dixon,* 943 F.2d 407 (4th Cir.1991), *cert. denied,* 502 U.S. 1110, 112 S.Ct. 1211, 117 L.Ed.2d 450 (1992). Under this rule, if there is a materially disputed fact, an evidentiary hearing is normally required. This case, however, presents the exception to that general rule.

■ While an evidentiary hearing is normally necessary to resolve issues of credibility, such as on first blush appear in this case, the exception to that rule recognizes that when a petitioner has made a claim which is incredible on its face or incredible in the context of the record before the Court, then an evidentiary hearing will not be required. *Gaskins v. McKellar,* 916 F.2d 941, 946 (4th Cir.1990), *cert. denied,* 500 U.S. 961, 111 S.Ct. 2277, 114 L.Ed.2d 728 (1991). Thus, in *Mueller v. Angelone,* 181 F.3d 557, 580 (4th Cir.),

*cert. denied,* 527 U.S. 1065, 120 S.Ct. 37, 144 L.Ed.2d 839 (1999), it was determined that it was permissible to rely on a state habeas corpus court's evidentiary determination made from affidavits when there was a substantial independent basis for crediting the attorney's affidavit and discounting the petitioner's self-serving statement.

■ In the instant case, the record before the Court provides a substantial, independent basis for crediting the two affidavits of the prosecutor and petitioner's former attorney over petitioner's affidavit. First, it must be pointed out that in this case, it is not just the word of petitioner against his attorney. Rather, the prosecutor also recalls the events, as did the attorney. However, this slight advantage in favor of crediting the attorney's affidavit is substantially bolstered both by the record in this case and the defect in petitioner's own affidavit.

With respect to petitioner's affidavit, he indicated that the attorney did not argue that the State failed to prove an essential element of the crime, namely that petitioner was driving the car. Instead, petitioner stated that his attorney argued that the police officer actually found that petitioner passed the finger-to-nose sobriety test and further, that the officer lacked probable cause to arrest him. This part of petitioner's affidavit is substantially discredited by the transcript of the trial. This same transcript also substantially bolsters the attorney's and the prosecutor's affidavits.

The case was a simple one involving only three witnesses. The State called two of the witnesses. The first witness was the officer, who identified petitioner as the driver of the vehicle. Originally, the offi-

---

**1.** Respondent's brief actually states that it was filed on December 19, 1998, but this is an obvious typographical error as shown by the

record and the fact that it was denied on January 21, 1998.

cer stated that petitioner did not pass the finger-to-nose sobriety test. Later, the officer questioned his testimony and voluntarily appeared back before the jury to state that petitioner, in fact, may have passed that test. The other witness who testified was the officer who administered the breathalyzer test and found that petitioner had a blood alcohol count of .13. Petitioner's witness was his girlfriend, who claimed that she was driving the car.

The issues which petitioner claims that his attorney argued to the jury (whether he passed the sobriety test and whether there was probable cause to arrest him) were legal issues concerning the probable cause to arrest petitioner. It was the court which denied the motion to dismiss for lack of probable cause. (Tr. 99–100) These were not jury issues and would not have been argued to the jury as petitioner asserts in his affidavit. Therefore, the Court discounts petitioner's version of the events.[2]

Next, although the closing arguments were not recorded, the colloquy at sentencing shows that the focus at the trial was petitioner's claim that he was not driving the motor vehicle, just as the affidavits from petitioner's attorney and the prosecutor indicate. On this basis, the Court credits the attorney's and prosecutor's version of the events. The transcript shows that the trial judge focused on this issue by asking whether petitioner still contended that his girlfriend was driving the car. The court made the comment that a lot of judges after hearing her testimony would

have had her indicted for perjury. (Tr. 122) Later, petitioner's attorney indicated that petitioner's claim of not driving the car was the complete focus of the representation starting a year previously when petitioner first retained him. (Tr. 124–125) The attorney said he discussed with petitioner the advisability of getting some kind of plea bargain because petitioner was facing a habitual felon indictment. He asked petitioner whether he was willing to roll the dice knowing that he faced such potential harsh punishment and petitioner responded that he was going to plead not guilty.

Thus, the record shows that this particular element of the offense was the focus of the attorney's attention right from the beginning and through the trial. It was the focus of the trial judge and, apparently, everyone in the courtroom. Therefore, petitioner's conclusory statement that the attorney failed to argue this element of the offense lacks any inherent credibility and is decidedly outweighed by the affidavits of petitioner's attorney and the prosecutor which, in turn, are substantially bolstered by a number of independent matters contained in the record. Petitioner's affidavit is further discredited for being incredible because he claims that the attorney did not argue to the jury the only jury issue, but instead argued legal issues already decided by the judge. For these reasons, the Court determines that an evidentiary hearing is not necessary and that petitioner's claim that his constitutional rights were violated because his attorney failed to ar-

---

**2.** Petitioner alleges in his affidavit that his attorney did not argue that petitioner was not driving the car, but did argue about the fact that he (petitioner) passed the sobriety test. As noted above, the attorney would not have argued the sobriety test issue to the jury because that was a part of the probable cause issue, which the court had already decided. However, it is possible that the attorney would have mentioned the sobriety test and the officer's uncertain testimony as to the test. Yet, this argument would only have been relevant as it related to the officer's credibility. And, the officer's credibility would only have been relevant insofar as it raised a question concerning the officer's testimony about who was driving the car. This is another reason for discounting petitioner's affidavit.

gue that the State failed to prove an essential element of the offense, namely that petitioner was driving the car, is denied on the merits.

IT IS THEREFORE ORDERED that respondents' motion for summary judgment (docket no. 4) is granted, that the petition is denied and this action dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.